UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN CASTANEDA, MAURO CALLE, ADOLFO GUZMAN and JUAN HERNANDEZ SOSA, <br><br> Plaintiffs, <br> v. <br><br> SHERIFF TOM DART, officially as Sheriff of Cook County, <br><br> Defendant. | Case No. 08 C 5292 <br><br> Judge Norgle <br><br> Magistrate Judge Cox <br><br> Jury Demand |

## PLAINTIFFS' MOTION FOR CERTIFICATION OF A PLAINTIFF CLASS

NOW COME the Plaintiffs, Juan Castaneda, Mauro Calle, Adolfo Guzman, and Juan Hernandez Sosa, by and through their attorneys, Gregory E. Kulis & Associates, Ltd., to move for class certification pursuant to Fed. R. Civ. P. 23, and in support, state as follows:

### I.    Proposed Class

1. Plaintiffs seek certification of the following Plaintiff class and propose that

   Plaintiffs Juan Castaneda, Mauro Calle, Adolfo Guzman, and Juan Hernandez Sosa be

   appointed class representatives:

   > All persons who were, are, or will be, detained at Cook County Jail who have had a bail/bond amount set by the criminal courts but who either: (1) are designated as having a "no bond" status by the Defendant; or (2) have their attempts to post bond refused by the Defendant, and are the subjects of a request by Immigration Custom and Enforcement Division (ICE) for an administration hold, resulting in the Defendant refusing and denying attempts by individuals to post bond for these persons and thereby making these persons subject to continued detention beyond the 48 hour period specified in 8 C.F.R. §287.7.

### II.    Factual Background

2. All four Plaintiffs allege that they were arrested in Cook County and received a bond

   hearing by criminal courts within this County wherein a bail/bond amount was set by a

1

judge. All the Plaintiffs further allege that the Defendant purposely designated them as "no bond" due to a request by Immigration Custom and Enforcement Division (ICE) for an administration hold and turned away those who attempted to post bond on Plaintiffs' behalf, thereby resulting in the Plaintiffs being unlawfully detained at Cook County Jail for a period of time exceeding that set forth in 8 C.F.R. §287.7.

3. The Sheriff's actions indicate a deliberate effort to falsely designate individuals as having "no bond" so as to allow ICE an impermissibly longer period of time to take custody of the Plaintiffs and other similarly situated individuals.

4. The Defendant's practice of disregarding court orders setting bond for individuals in favor of its own designation for these individuals as "no bond" violates the Plaintiffs' constitutional rights because it results in an unlawful detention.

### III. Nature of Relief Sought

5. Plaintiffs seek as a remedy, both individually and for the class, that the Court permanently enjoin the Defendant class from continuing with its practice and declare this practice unconstitutional in violation of Plaintiffs' due process rights afforded under the United States Constitution. Plaintiffs also seek appropriate damages to each class member for their extended detention.

### IV. Requirements of FRCP 23 are satisfied

6. The requirements of Federal Rule of Civil Procedure 23 are fulfilled. The proposed Plaintiff class is so numerous that joinder is impracticable. FRCP 23(a)(1). There are questions of law or fact common to the class. FRCP 23(a)(2). The claims of Plaintiffs Juan Castaneda, Mauro Calle, Adolfo Guzman, and Juan Hernandez Sosa, Plaintiff class

representatives, are typical of the claims of the Plaintiff class. FRCP 23(a)(3). Plaintiff will fairly and adequately protect the interests of the Plaintiff class. FRCP 23(a)(4).

7. FRCP 23 is further satisfied because the prosecution of separate actions by individual members of the Plaintiff class creates the risk of inconsistent judgments which would establish an incompatible code of conduct for the Defendant. Moreover, adjudications with respect to individual members of the Plaintiff class would be dispositive of the interests of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests. FRCP 23(b)(1).

8. Defendant has acted or refused to act on grounds generally applicable to the Plaintiff class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Plaintiff class as a whole.

9. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members, thus making a class action superior to other available methods for the fair and efficient adjudication of the present controversy.

### V.     Rule 23(a)

10. *Numerosity*: Rule 23(a)(1) requires that members of a class be so numerous as to make joinder of all members impracticable. Whether joinder is practicable may depend on several factors, including class size, geographic dispersion of class members, the type of relief sought, and the practicability of re-litigating the common core issues. Walker v. Bankers Life & Cas. Co., 2007 WL 2903180, *3 (N.D. Ill. 2007). The likelihood that the class in the future will include new members further supports the impracticability of joinder. Krislov v. Rednour, 946 F. Supp. 563, 568 (N.D. Ill. 1996); Rosario v. Cook County, 101 F.R.D. 659, 661 (N.D. Ill. 1983). The party seeking class certification may

provide a "good faith estimate" of class size, Rahim, 2001 WL 1263493, *12; Smith v. Nike Retail Serv., 234 F.R.D. 648, 659 (N.D. Ill. 2006), resting on "common sense assumptions," Belbis v. County of Cook, 2002 WL 31600048, *6 (N.D. Ill. 2002). Rule 23(a)(1) does not require "precise numbers." LeClercq v. Lockformer Co., 2001 WL 199840, *4 (N.D. Ill. 2001). Where the class is large, "the numbers alone are dispositive of the impracticability of joinder." Wallace v. Chicago Housing Authority, 224 F.R.D. 420, 427 (N.D. Ill. 2004). In regards to the proposed Plaintiff class, the Defendant has publicly hereto represented that on any given day, there are between 150-250 undocumented immigrants being detained at Cook County Jail. This number may be subject to the practice of the Defendant currently alleged by Plaintiffs to be unconstitutional. Over the year or years that this practice has been maintained, there may several thousand individual detainees who were subject to this deprivation. It would not be only impracticable, but impossible, to join all of these individuals dispersed throughout geographical locations in the state in a single action. In addition, joinder in this case would heavily tax judicial resources and increase litigation costs. There are currently approximately ten more individuals whose factual allegations are similar to those of the four Plaintiffs, and Plaintiffs seek to include these individuals in this action (See Exhibits 1-10—affidavits from Attorneys Cicero and Soukaras and Ms. Lina Guerrero regarding similarly situated individuals). It cannot be disputed that the requirement of numerosity is easily satisfied with respect to the proposed classes. See Cavin v. Home Loan Center, Inc., 236 F.R.D. 387 (N.D. Ill. 2006); McCabe v. Crawford & Co., 210 F.R.D. 631, 643 (N.D.Ill.2002) (class of at least forty members is adequate to satisfy the numerosity requirement).

11. *Commonality*: There must be questions of law or fact common to all members of the class. A common nucleus of operative fact will meet this requirement. See Cavin, 236 F.R.D. 391-92. Common nuclei of facts exist where one party has engaged in "standardized conduct" towards members of the proposed class. Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998); Smith v. Nike Retail Services, Inc., 234 F.R.D. 648, 659 (N.D. Ill. 2006). Once a common nucleus of facts is identified, commonality will not be defeated by "factual variations among class members' grievances." Vodak v. City of Chicago, 2006 WL 1037151, *4 (N.D. Ill. 2006); Wallace, 224 F.R.D. at 427. Commonality "is not a demanding requirement; one issue of fact or law common to all class members will suffice." Anderson v. Cornejo, 199 F.R.D. 228, 239 (N.D. Ill. 2000). See also Flanagan v. Allstate Ins. Co., 242 F.R.D. 421, 427 (N.D. Ill. 2007) (holding that commonality is "a low hurdle to surmount"). The questions of law raised in this case as to the constitutionality of the Defendant's practice, when answered as to Plaintiffs Juan Castaneda, Mauro Calle, Adolfo Guzman, and Juan Hernandez Sosa, are answered as to all members of the proposed class because the Defendant has acted in the same manner with respect to all members of the Plaintiff class with his implementation of the policy at issue. Here, there is a common question of law: whether the Defendant's practice violates the due process rights of Plaintiffs and other similarly situated undocumented immigrants. See Jane Does v. City of Chicago, No. 79 C 789 (N.D.Ill. Jan. 12, 1982) (plaintiff class certified even where factual variations existed as to each class member where plaintiffs alleged an unconstitutional strip search of female detainees pursuant to official city policy, with court ordering separate hearing on damages due to factual

variations). As such, the commonality requirement in the instant case is satisfied with respect to the proposed class.

12. *Typicality*: The claims of proposed class representatives, Plaintiffs Juan Castaneda, Mauro Calle, Adolfo Guzman, and Juan Hernandez Sosa, are typical of the claims of the class. A plaintiff's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory." Keele, 149 F.3d at 595; Vodak, 2006 WL 1037151, *5; Wallace, 224 F.R.D. at 428. Typicality is "closely related" to commonality. Keele, 149 F.3d at 595; LeClercq, 2001 WL 199840, *5. Typicality is not necessarily defeated by variations in factual circumstances between the putative representative and the absent class members. Vodak, 2006 WL 1037151, *5; Wallace, 224 F.R.D. at 428. The Plaintiffs here have the same interests as the proposed class and have suffered the same injuries as all those similarly situated, in that all these individuals suffered a loss of freedom as a result of an unlawful detention. Like the members of the proposed Plaintiff class, Plaintiffs' claims arise from the same practice or course of conduct of the Defendant and are based on the same legal theories. See id. At the very least, Plaintiffs' claims are typical of the Plaintiff class, if not identical.

13. *Adequacy*: Plaintiffs Juan Castaneda, Mauro Calle, Adolfo Guzman, and Juan Hernandez Sosa will adequately and fairly represent the interests of the Plaintiff class. This prerequisite has two components: first, the class representative must have a sufficient stake in the outcome to ensure zealous advocacy, and must not have claims antagonistic to the claims of other class members; and second, counsel for the class representative must be experienced, qualified, and generally able to conduct the litigation on behalf of

the class.  Vodak, 2006 WL 1037151, *6; Wallace, 224 F.R.D. at 429.  The former prong "tend[s] to merge with the commonality and typicality criteria."  Vodak, 2006 WL 1037151, *6 n.4.  "The adequacy threshold is a low one."  Wallace, 224 F.R.D. at 429.  The Plaintiffs have no antagonistic or conflicting interests when compared with the class members.  Plaintiffs' interests are to protect their constitutional rights, violated by the current practice of the Defendant, and the rights of all others violated by this practice by seeking a permanent injunction and declaratory relief.  Plaintiffs are more than sufficiently interested in the outcome of this action and are vigorously advocating for their constitutional rights in this matter.  Plaintiffs are aware that they will be acting as the representatives of the class and are dedicated to pursuing this action until a final judgment may be reached.  Plaintiffs have and will continue to be vigorously engaged in the case.  Plaintiffs are also represented by well qualified counsel with extensive experience in litigation in federal court regarding civil rights and constitutional law matters.  As such, Plaintiffs more than adequately protect the proposed Plaintiff class.

### VI.  Rule 23(b)

14. Plaintiffs also satisfy at least one of the three provisions set forth in FRCP 23(b) in that common questions of law or fact predominate over individual questions of law or fact in this case, making a class action by far the best method in reaching a fair adjudication of this issue.  The alternatives, joinder or individual lawsuits, present many difficulties.  Given that the proposed classes here are so numerous, individualized claims and/or actions would be not only impracticable, but would lead to inconsistent or varying adjudications, thereby establishing an incompatible code of conduct for Defendants and members of the proposed Defendant class.  Additionally, such individualized claims

would be a waste of judicial resources and greatly inefficient. Finally, under Rule 23(b)(2), a class action is maintainable where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Certification under Rule 23(b)(2) is especially appropriate in class actions brought to vindicate constitutional rights. Love v. City of Chicago, 1997 WL 120041, *5 (N.D. Ill. 1997); Johns v. DeLeonardis, 145 F.R.D. 480, 484 (N.D. Ill. 1992); Patrykus v. Goldsmith, 121 F.R.D. 357, 362-63 (N.D. Ill. 1988). The Defendant hereto has acted or refused to act on grounds applicable to the entire Plaintiff class in that Defendant's practice of improperly designating undocumented immigrants as "no bond" continues, making final injunctive and/or declaratory relief to the class appropriate.

### VII. Conclusion

15. For the reasons set forth above, Plaintiffs request that this Honorable Court grant Plaintiffs' motion and proceed with this case as a class action, designating Plaintiffs as Plaintiff class representatives and Plaintiffs' counsel as Plaintiff class counsel, and grant such further relief as it deems appropriate.

Respectfully submitted,

By: /s/ Gregory E. Kulis

/s/ Ronak D. Patel

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60657
(312) 580-1830