UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN CASTANEDA, MAURO CALLE, ADOLFO GUZMAN and JUAN HERNANDEZ SOSA, | ) ) ) ) |
| Plaintiffs, | ) Case No. 08 C 5292 ) |
| v. | ) Judge Norgle ) |
| SHERIFF TOM DART, officially as Sheriff of Cook County, and COOK COUNTY | ) Magistrate Judge Cox ) ) Jury Demand |
| Defendants. | ) |

## CORRECTED SECOND AMENDED COMPLAINT

NOW COME the Plaintiffs, JUAN CASTANEDA, MAURO CALLE, ADOLFO GUZMAN and JUAN HERNANDEZ SOSA, by and through their attorneys, GREGORY E. KULIS AND ASSOCIATES, complaining against the Defendant, SHERIFF TOM DART, officially as Sheriff of Cook County, and COOK COUNTY, as follows.

## PARTIES AND JURSIDCTION

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs accomplished by acts and/or omissions of the Defendant committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3) The Plaintiffs, JUAN CASTANEDA, MAURO CALLE, JUAN HERNANDEZ SOSA, and ADOLFO GUZMAN were residents of the State of Illinois.

1

4) The Plaintiffs are not citizens of the United States.

5) As non-citizens, the Plaintiffs still have constitutional protections while in the United States. *Matthews v. Diaz*, 426 U.S. 67 (1976) ("There are literally millions of aliens within the jurisdiction of the United States. The Fifth Amendment, as well as the Fourteenth Amendment, protects every one of these persons from deprivation of life, liberty, or property without due process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection").

6) The Plaintiffs resided in Cook County at the time of the events described herein.

7) The Defendant, SHERIFF TOM DART, at all relevant times was the Sheriff of Cook County, and responsible for the operation of the Cook County Jail.

8) The Defendant, SHERIFF TOM DART, is being sued in both his individual and official capacities.

9) At all relevant times, the Defendant, SHERIFF TOM DART, as Sheriff of Cook County, was responsible for establishing or failing to establish the policies, practices, and procedures for the conduct of the Cook County Sheriff's Department and its employees.

10) The Defendant, SHERIFF TOM DART, was at all relevant times responsible for the hiring, training, supervision, discipline and control of all members of the Cook County Sheriff's Department.

11) The Defendant, SHERIFF TOM DART, was at all relevant times responsible for maintaining the Cook County Jail within constitutional requisites.

12) The Defendant, SHERIFF TOM DART, was at all relevant times responsible for ascertaining that jail and administrative personnel properly carried out their duties and

responsibilities in the administration of the jail.

13) The Defendant, SHERIFF TOM DART, at all relevant times was responsible for making certain that jail and administrative personnel of the Cook County Sheriff's Department obeyed the laws and Constitution of the United States.

14) The Defendant, SHERIFF TOM DART, at all relevant times was responsible for the establishment of policies, practices, procedures, and guidelines for the arrest and jailing of detainees housed in the jail.

15) At all relevant times, the Defendant, SHERIFF TOM DART, was acting under the color of law and pursuant to written and/or unwritten policies and customs of Cook County.

## FACTUAL ALLEGATIONS

### JUAN CASTENADA

16) On or about July 8, 2008, Plaintiff JUAN CASTANEDA was arrested and detained at Cook County Jail as a pretrial detainee.

17) On or about July 10, 2008, bond was set for the Plaintiff, JUAN CASTANEDA, at $1,500.00.

18) On or about July 10, 2008, an immigration detainer was issued for the Plaintiff to the Defendant, requiring the Defendant to detain the Plaintiff for a period not to exceed 48 hours, excluding weekends and holidays.

19) The Plaintiff's family members and/or friends attempted to post bond for the Plaintiff on various occasions, including, but not limited to, on or about July 11, 2008 and August 18, 2008.

20) That on each such occasion and despite bond being set, the Plaintiff's family

members and/or friends were informed that there was "NO BOND" designated for the Plaintiff by the Sheriff and that they could not post bond for the Plaintiff because of an immigration hold.

21) The immigration detainer sent to Defendant did not prohibit the Defendant from allowing the Plaintiff to post bond.

22) Despite bond being set, the Sheriff had JUAN CASTANEDA designated as "NO BOND".

23) On or about August 30, 2008, Attorney Peter Soukaras personally accompanied a friend and/or family member of Plaintiff to Division 5 and demanded that he be allowed to enter and pay bond.

24) That on or about August 30, 2008, a friend and/or family member of Plaintiff was allowed to post bond for Plaintiff.

25) The Plaintiff was released from Sheriff's custody to ICE on or about September 2, 2008.

26) The Plaintiff was released from the custody of ICE on or about September 4, 2008.

**JUAN HERNANDEZ SOSA**

27) On or about May 8, 2008, Plaintiff JUAN HERNANDEZ SOSA was arrested and detained at Cook County Jail as a pretrial detainee.

28) On or about May 8, 2008, bond was set for the Plaintiff, JUAN HERNANDEZ SOSA at $2000.00.

29) On or about May 8, 2008, an immigration detainer was issued for the Plaintiff to the Defendant, requiring the Defendant to detain the Plaintiff for a period not to exceed 48 hours,

excluding weekends and holidays.

30) The Plaintiff's family members and/or friends attempted to post bond for the Plaintiff on various occasions, including, but not limited to, on or about May 8, 2008 and every third day after that until May 21, 2008.

31) That on each such occasion and despite bond being set, the Plaintiff's family members and/or friends were informed that there was "NO BOND" designated for the Plaintiff by the Sheriff and that they could not post bond for the Plaintiff because of an immigration hold.

32) The immigration detainer sent to Defendant did not prohibit the Defendant from allowing the Plaintiff to post bond.

33) Despite bond being set, the Sheriff had JUAN HERNANDEZ SOSA designated as "NO BOND".

34) That on or about May 21, 2008, a friend and/or family member of Plaintiff was finally allowed to post bond for Plaintiff.

35) The Plaintiff was released from Sheriff's custody on or about May 23, 2008.

**MAURO CALLE**

36) On or about April 9, 2008, Plaintiff MAURO CALLE was arrested and detained in Cook County Jail as a pretrial detainee.

37) On or about April 10, 2008, bond was set for the Plaintiff at $1,000.00.

38) On or about April 10, 2008, an immigration detainer was issued for the Plaintiff to the Defendant, requiring the Defendant to detain the Plaintiff for a period not to exceed 48 hours, excluding weekends and holidays.

39) The Plaintiff's friends and/or family members attempted to post bond for the

Plaintiff on various occasions, including, but not limited to, on or about April 10, 2008, April 11, 2008, and April 15, 2008.

40) Despite bond being set, the Plaintiff's family was informed on each such occasion that there was "NO BOND" designated for the Plaintiff by the Sheriff and that they could not post bond for the Plaintiff because of an immigration hold.

41) The immigration detainer sent to Defendant did not prohibit the Defendant from allowing the Plaintiff to post bond.

42) Despite bond being set, the Sheriff's department designated MAURO CALLE as "NO BOND".

43) The Plaintiff was finally released from Sheriff's custody on or about June 13, 2008.

**ADOLFO GUZMAN**

44) On or about June 22, 2008, Plaintiff ADOLFO GUZMAN was arrested and detained in Cook County Jail as a pretrial detainee.

45) On or about June 23, 2008, bond was set for the Plaintiff at $2,500.00

46) ADOLFO GUZMAN's family members attempted to post his bond on various occasions, but the Sheriff refused to accept the money for his bond.

47) Despite bond being set, the Plaintiff's family was informed on each such occasion that there was "NO BOND" designated for the Plaintiff by the Sheriff and that they could not post bond for the Plaintiff because of an immigration hold.

48) The immigration detainer sent to Defendant did not prohibit the Defendant from allowing the Plaintiff to post bond.

49) Despite bond being set, the Sheriff's department designated ADOLFO GUZMAN as "NO BOND".

50) The Plaintiff was finally released from Sheriff's custody shortly after on or about July 14, 2008.

### COUNT I—42 U.S.C. §1983 CIVIL RIGHTS VIOLATION: FOURTEENTH AMENDMENT DUE PROCESS VIOLATION

51) The Plaintiffs, JUAN CASTANEDA, MAURO CALLE, and JUAN HERNANDEZ SOSA, hereby re-allege their allegations of paragraphs 1-43 as though fully set forth herein.

52) This designation of "NO BOND" for each of the Plaintiffs was incorrect and false.

53) The designation of "NO BOND" has been and continues to be placed on pretrial detainees who have been issued immigration detainers.

54) Pursuant to law, an immigration detainer requires a law enforcement agency to notify federal immigration officials and to hold the detainee if requested by the immigration authorities for 48 hours after the detainee is entitled to be released.

55) The Defendant's custom, practice and policy of inaccurately designating detainees with immigrations holds as having "NO BOND" has been in use for in excess of one year.

56) The Defendant's custom, practice and policy of inaccurately designating detainees with immigrations holds as having "NO BOND" on detainees' documents and/or log book(s) has caused numerous detainees to be incarcerated beyond the time they were entitled to be released, stripping them of their right to post bond and be released within 48 hours of posting said bond.

57) As a result of the actions of SHERIFF TOM DART, the County of Cook is

wastefully spending taxpayers' funds to house detainees who should and/or could be lawfully released after posting bond and waiting the requisite 48 hours if a detainer was issued.

58) As a result of the actions of SHERIFF TOM DART, the County of Cook is wastefully spending taxpayers' funds that are already lacking for the benefit of the Federal Government.

59) That Defendant's failure to adopt proper procedures and policies for processing and allowing individuals who have had immigration detainers issued for them constitutes an utter indifference to or conscious disregard for the rights of individuals not to be subject to excessive detention, in violation of the Fourth and/or Fourteenth Amendments to the United States Constitution.

60) That as a direct and proximate result of the practices, policies, and procedures of the Defendant, the Plaintiffs were detained for an excessive period of time, suffering a loss of liberty, lost time from normal endeavors, and emotional distress.

61) The Plaintiffs' continued detention resulted in their unlawfully delayed release from the Cook County Jail.

62) The custom, practice and policy of SHERIFF TOM DART violates the Plaintiffs' due process rights under the law.

63) Said custom, practice and policy of SHERIFF TOM DART violates the Plaintiffs' rights to reasonable bond where such bond has already been set.

64) Said custom, practice and policy of SHERIFF TOM DART has caused the Plaintiffs, JUAN CASTANEDA, MAURO CALLE, JUAN HERNANDEZ SOSA, and ADOLFO GUZMAN, to be unlawfully incarcerated beyond the time that they were entitled to be

released.

65) Said actions of the Defendant violate the Plaintiffs' Fourth and Fourteenth Amendment rights.

66) Defendant knew, or should have known, that the alleged conduct violated the Plaintiffs' constitutional rights.

67) The Defendant continued this practice after being apprised of this situation.

68) As a result of the custom, practice and policy of SHERIFF TOM DART, the Plaintiffs experienced fear, pain and suffering, emotional distress, anxiety, loss of freedom, and monetary loss and expense.

WHEREFORE, the Plaintiffs, JUAN CASTANEDA, MAURO CALLE, JUAN HERNANDEZ SOSA, and ADOLFO GUZMAN, each pray for judgment against SHERIFF TOM DART in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorneys' fees and costs.

## COUNT II– FALSE IMPRISONMENT (STATE LAW)

70) The Plaintiffs hereby re-allege and incorporate paragraphs 1-69 as though fully set forth herein.

71) The Plaintiffs were entitled to post bond for their criminal cases, as such a determination had been made by the courts.

72) Defendant SHERIFF TOM DART prevented the Plaintiffs from exercising their right to post bond because he inaccurately designated, in direct violation of the order set by the courts, the Plaintiffs as "NO BOND".

73) As a direct result of the Defendant's actions, the Plaintiffs were unlawfully subject to an unreasonable and excessive detention at the Cook County Jail.

74) The Plaintiffs were detained at Cook County Jail in violation of law and against their will.

75) The Defendant's actions caused the Plaintiffs' personal liberty to be unreasonably and unlawfully restrained in violation of the Fourth Amendment.

WHEREFORE, the Plaintiffs, JUAN CASTANEDA, MAURO CALLE, JUAN HERNANDEZ SOSA, and ADOLFO GUZMAN, each pray for judgment against SHERIFF TOM DART in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, plus attorneys' fees and costs.

### COUNT III– MONELL POLICY CLAIM

76) The Plaintiffs hereby re-allege and incorporate paragraphs 1-66 as though fully set forth herein.

77) Upon information and belief, the Defendant authorized, tolerated as institutionalized practices, and ratified the alleged conduct and resulting denial of due process detailed in this complaint by failing to train and supervise the employees of Cook County Jail and the Cook County Sheriff's Office with respect to the rights guaranteed by the United States Constitution.

78) The Defendant failed to establish procedures or make certain that the correct procedures were followed to ensure that Plaintiffs would not be forced to remain in the Cook County Jail when family members and/or friends attempted to post bond for them after a court

order had been entered setting bond.

79) The Defendant's actions and inactions resulted in the Plaintiffs' deprivation of liberty and violation of their due process rights.

WHEREFORE, the Plaintiffs, JUAN CASTANEDA, MAURO CALLE, JUAN HERNANDEZ SOSA, and ADOLFO GUZMAN, each pray for judgment against SHERIFF TOM DART in an amount in excess of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS in compensatory damages, plus attorneys' fees and costs.

## COUNT IV– INDEMNIFICATION

80) The Plaintiffs hereby re-allege and incorporate paragraphs 1-79 as though fully set forth herein.

81) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

82) Defendant SHERIFF TOM DART is or was an employee of COOK COUNTY, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should Defendant SHERIFF TOM DART be found liable for the acts alleged above, Defendant COOK COUNTY would be liable to pay the Plaintiffs any judgment obtained against said Defendant.

## JURY DEMAND

The Plaintiffs, JUAN CASTANEDA, MAURO CALLE, JUAN HERNANDEZ SOSA, and ADOLFO GUZMAN, respectfully request a trial by jury.

                                        Respectfully submitted,

                                        <u>/s/Gregory E. Kulis</u>
                                        Gregory E. Kulis and Associates

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830